FARRAR & WHEELER v. MATHEWS.

1. **Pleading:** CONSTRUCTION OF : PAROL EVIDENCE. In an action on a note it was pleaded as a defense that the note was given for a sewing machine received by defendant on trial and to be by him returned in case it failed to work well; that it did not so work and was returned, whereby the consideration had failed. *Held,* that the defense pleaded did not seek to contradict or vary the terms of the note.

2. —— Under our statute pleadings are to be liberally construed.

*Appeal from Henry Circuit Court.*

FRIDAY, OCTOBER 24.

ACTION upon a promissory note for eighty-five dollars made by defendant to Arthur Farrar & Co., or order, payable six months after date, (Sept. 6, 1870,) with six per cent interest at the National State Bank, Mt. Pleasant, indorsed in blank to plaintiffs, who allege the same to be their property and unpaid. The defendant for answer, *first* admits the execution of the note, and avers that it was without consideration, which was known to plaintiffs, who are substantially the payees, and to whom it was indorsed after maturity; *second,* that the note was given for a sewing machine, delivered to defendant to be tried, and in case it did not work to his satisfaction to be returned to the payees; that it did not so work, and was returned, whereby the consideration has failed.

The plaintiffs demurred to the second count, and also moved to strike it out, because it seeks to contradict or vary the terms of the note sued on. These were both overruled, and plaintiffs duly excepted. The cause was then tried to the court, who found for defendant and rendered judgment accordingly. The plaintiffs appeal.

*T. A. Bereman* for the appellants.

*L. G. Palmer* for the appellee.

. COLE, J. — I. The allegations of the second count of the answer, when liberally construed, (as required by Rev. 1860, Sec. 2951,) amount to a statement that the note was given for a sewing machine with a warranty that it would work to his satisfaction,—if it did not defendant had the right to return it, which he had done, and hence the consideration has failed. This agreement, that defendant should have the right to return the machine if it did not work satisfactorily, was not inconsistent with the idea of a sale of it to him; nor would it contradict or vary the note. There was no error therefore in overruling both the demurrer and motion.

II. On the trial, the defendant himself testified, and also introduced other witnesses tending to corroborate him, in substance, that at the time the sewing machine was delivered to him or left at his house, he gave the note sued on and agreed to take the machine on trial, and if it worked satisfactorily he would keep it, otherwise he would return it, and this note was to be given up; that it did not work satisfactorily, and he advised the payees' agent of that fact; that the agent said he had a machine that would suit defendant, and it was brought to him and he took it in lieu of the other and on the same terms; that the agent said the price of the new machine was seventy-five dollars, and the agent paid him the difference, ten dollars, in money, which was to be returned with the machine, if it did not give satisfaction; that it did not and he called to tell the agent of it, who was not in at the time, and word to that effect was left with a boy there, and for the agent to come and get the machine away, and at another time told the agent himself to come and get it; that after he got the second machine he found out that the price of it was only fifty dollars; that he had never returned the machine, nor offered to return the ten dollars; that he called at the bank to see the note after it was due, and it was not then indorsed.

This evidence does not sustain either the defense of want of consideration or of failure of consideration, and it was error to find for the defendant on those issues. The delivery and acceptance of the first sewing machine was a consideration for

the note; and the defendant still has the other machine and the ten dollars, which shows that the consideration has not failed. In deciding the case, we have given full force and liberal interpretation to the defendant's evidence, and find thereon and aside from any evidence in conflict, that he has not established his defense as pleaded. It is proper to add that the plaintiff's testimony tends to show that the defendant purchased absolutely the first machine, traded it for the second; that both worked well, and that plaintiffs acquired the note before maturity. But without regarding this evidence, the judgment must be

Reversed.